IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MILLER,
    Petitioner,

v.                              CIVIL ACTION NO. 12-CV-742

JOHN KERESTES, et al.,
    Respondents.

## ORDER

Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Therein Petitioner attacks the same conviction he attacked in his prior petition, filed in civil action number 05-CV-5285, which was denied and dismissed on January 30, 2007. Petitioner appealed and the Court of Appeals for the Third Circuit denied his request for a certificate of appealability on July 27, 2007. The Supreme Court of the United States denied his petition for a writ of certiorari on February 19, 2008. Petitioner states that he is filing a petition in the United States Court of Appeals for the Third Circuit requesting an Order Authorizing District Court to Consider Successive Petition for Writ of Habeas Corpus, pursuant to Under 28 USC 2244.

**AND NOW** this 5th day of March 2012, it appearing that Petitioner filed a successive petition for a writ of *habeas corpus* relief, **IT IS HEREBY ORDERED** that:

1. The petition is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction[1]; and,

---

[1] Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner cannot file a second or successive petition for writ of *habeas corpus* relief without first seeking and receiving approval from a Court of Appeals. Absent such authorization, the District Court is not permitted to consider the merits of the subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

Petitioner has not yet obtained an order from the Court of Appeals for the Third Circuit allowing this court to consider a subsequent petition. Therefore, this court does not have subject matter jurisdiction over the instant petition. *Robinson*, 313 F.3d at 140. "A district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals." *See U.S. v. Enigwe*, 92-00257, 1998 WL 670051, at 4 (E.D.Pa., September 28, 1998) (citations omitted).

2. The Clerk of Court shall close this matter for statistical purposes.

*/s/ Anita B. Brody*
**ANITA B. BRODY, J.**

Copies via ECF on \_\_\_\_\_ Copies via US Mail on \_\_\_\_\_