IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MILLER,<br><br>    PETITIONER,<br><br> vs.<br><br>THERESA DELBALSO,<br>Superintendent SCI Mahanoy,<br>*et al*.<br><br>    RESPONDENTS. | CIVIL ACTION No. 2:12-cv-00742-AB |

## [PROPOSED] ORDER

On this _____ day of _____, 2016, upon consideration of Respondents' Motion for Extension of Time, and Petitioner's Opposition thereto, it is HEREBY ORDERED that the Motion is GRANTED IN PART and DENIED IN PART. Respondents are HEREBY GRANTED until October 31, 2016 to file a Response to the Petition. No further extensions will be granted absent extraordinary circumstances.

BY THE COURT:

_____
The Hon. Henry S. Perkins, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MILLER,<br><br>   PETITIONER,<br><br> vs.<br><br>THERESA DELBALSO,<br>Superintendent SCI Mahanoy,<br>*et al*.<br><br>   RESPONDENTS. | CIVIL ACTION No. 2:12-cv-00742-AB |

## OPPOSITION TO MOTION FOR EXTENSION OF TIME

  John Miller, by and through his undersigned attorneys, respectfully submits the following Opposition to the Commonwealth's Motion for Extension of Time, Dkt. No. 45.

  On March 23, 2016, Mr. Miller filed a Second Amended Petition for Writ of Habeas Corpus to seek redress for his unlawful incarceration for a crime he did not commit. Dkt. No. 29. On April 15, 2016, The Honorable Anita B. Brody ordered the Commonwealth to file its response to Mr. Miller's petition on or before June 14, 2016. Dkt. No. 40. On June 7, 2016, the Commonwealth filed a motion for a three-month extension to respond to the petition, citing the Assigned District Attorney's workload. Dkt. No. 42. Mr. Miller did not oppose the extension request which the Court granted. In so doing, the Court ordered the Commonwealth to respond to the petition on or before September 12, 2016. Dkt. No. 43. Despite already receiving one three-month extension, on September 7, 2016, the Commonwealth filed another rote motion seeking yet another three-month extension. Dkt. No. 45. Recognizing the adage that justice delayed is tantamount to justice denied, the Third Circuit has previously characterized multi-month delays in the resolution of habeas petitions to be "of concern." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). Because Mr. Miller's petition has already been pending for six

2

months and because the Commonwealth's latest motion provides no assurances that it will not simply seek another three-month extension three-months from now, Mr. Miller respectfully requests that the Court deny the motion.

Mr. Miller recognizes that motions for extensions of time due to professional obligations are sometimes necessary and, as noted above, did not oppose the Commonwealth's first motion. However, the Commonwealth's latest request for a three-month extension is devoid of any showing of good cause supporting its request. The only basis that the Commonwealth provides for its request for another extension is the "number of other pending assignments" for the assigned prosecutor. *See* Dkt. No. 45 at ¶6. Specifically, the Commonwealth asserts that an extension is necessary because of its responsibilities in *Jackson v. Cameron*, No. 15-719, *Birdsong v. Wetzel*, No. 11-4240, *Gibson v. Wetzel*, No. 11-4550, *Daniels v. Wetzel*, No. 1407394, and *Marshall v. Beard*, No. 03-3308. *Id.* A review of the pending motions on those dockets, however, reveals no good cause for another three-month extension.

Indeed, those dockets reveal that not only is the Commonwealth fully capable of responding to Mr. Miller's habeas petition well in advance of December 12, 2016, but granting the requested extension only makes it more likely that yet another extension will ultimately be sought. In *Birdsong v. Wetzel*, the only pending matter is a response to a motion to compel the production of the prosecution files. *See Birdsong v. Wetzel*, 11-4240 at Dkt. No. 73. As that response is now due on September 23, 2016 (after the Commonwealth received an extension), that certainly provides no basis to extend the time to respond to Mr. Miller's petition until December 12, 2016. Likewise, the Commonwealth asserts that its responsibilities in the *Jackson v. Cameron* case provides a basis for again delaying redress of the Constitutional violations committed against Mr. Miller. However, in *Jackson*, as in the instant case, the only action taken

by the Commonwealth to date is to seek extensions to respond to the habeas petition. *See* Case No. 15-6179 at Dkt. No. 4 (requesting extension to respond until July 14, 2016); *id.* at Dkt. No. 7 (requesting extension to respond until October 12, 2016). Regardless, the Commonwealth's Motion explains that the "assigned prosecutor has completed substantial work on the response to the habeas petition in the murder case of Jackson v. Cameron, No. 15-6719." Dkt. No. 45 at ¶5. Since that response is due on October 12, 2016 and the Commonwealth has already "completed substantial work on [that] response," the time commitments in that matter can also not justify a three-month extension in this case.

In *Gibson v. Wetzel*, No. 11-4550, the Commonwealth merely has to respond to a motion for leave to file an amended petition, which response, in any event, is not due until November 22, 2016. *See Gibson v. Wetzel*, No. 11-4550 at Dkt. No. 57 (granting request to extend time to respond). Thus, after the Commonwealth files its response to the habeas petition in *Jackson* on October 12, 2016, on which it has already "completed substantial work," the cited cases show no pending commitments for the assigned prosecutor until a response to a motion for leave to amend on November 22, 2016.

The apparent five week gap of any other commitments is more than sufficient for the Commonwealth to respond to Mr. Miller's petition. The underlying facts in this case have already been briefed multiple times in proceedings before various state courts. There is no dispute that the Commonwealth knew that David Williams, the only witness who provided direct evidence inculpating Mr. Miller at trial, falsely accused another individual of murder, Jack Williams, on the same day that he provided police with the fabricated statement against Mr. Miller. There is likewise no dispute that the Commonwealth was aware that Mr. Mark Manigault denied that he could provide any corroboration to Mr. Williams' claim that Mr. Miller

confessed to the crime contrary Mr. Williams' assertion to police.  Thus, the fundamental legal question is simply whether the Commonwealth's failure to disclose this evidence violated Mr. Miller's Constitutional rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  In light of the Third Circuit's recent precedential *en banc* opinion in *Dennis v. Pa. Dep't of Corrections*, Case No. 13-9003 (3d Cir. 2016), it can no longer seriously be disputed that it did.

Ironically, granting the Commonwealth its requested extension until December 12, 2016 would only make it more likely that yet another extension would be sought.  In *Daniels v. Wetzel*, No. 14-7394, the Commonwealth's response to the writ is due on November 28, 2016, following three extensions of time from the original March 2, 2016 response date.  Likewise, in *Marshall v. Beard*, No. 03-3308, the Commonwealth's response, which was originally due on September 6, 2016, is now due on December 5, 2016.  Thus, if the Commonwealth is granted an extension until December 12, 2016, it would likely seek another extension at that time citing its recent commitments in *Daniels* and *Marshall*.

Respectfully, guarding the Constitutional rights of United States citizens is not a matter of convenience especially given Mr. Miller's continued deprivation of freedom in the interim.[1]  The Commonwealth's seriatim extension requests not only undercut this Court's ability to fulfill its role as ombudsman of the Bill of Rights but calls into question whether the extensions are necessary in the first place.[2]  As recognized by other courts, "by filing so many

---

[1] When Mr. Miller's appeal of the trial court's denial of his PCRA was pending before the Superior Court, the Commonwealth sought and received an extension to file its brief.  *See* Exhibit A.  When the extended response date came due, the Commonwealth sought yet another extension in that proceeding as well.  *Id.*  On July 30, 2015, the Superior Court granted a second extension to respond until August 26, 2015 but cautioned that "NO further extensions absent extraordinary circumstances.  Counsel's busy schedule will NOT be considered an extraordinary circumstance."  *Id.*  When the twice-extended response date came, the Commonwealth, unable to seek yet another extension, merely granted one to itself and ignored the court's deadline entirely.  Ultimately, the Commonwealth did not file its response until September 29, 2015.  *Id.*

[2] In obtaining the extension until December 5, 2016 in the *Marshall* case, the Commonwealth again cited a list of pending cases requiring attention that necessitated the enlargement of time.  *See* Exhibit B.  In that filing, one

time extension motions, the Court begins to consider them akin to the fable of the 'Boy Who Cried Wolf.'  The repetitious and successive filing of this sort of motion, makes it virtually impossible for any Court to ascertain when [a party] is truly in need of an extension of time . . . ." *Rieco v. Aurandt*, 2016 U.S. Dist. LEXIS 31858, at *14 (W.D. Pa. Mar. 11, 2016).  Given that this petition has been pending for over six months and coupled with the Commonwealth's threadbare basis for the requested extension and its familiarity with the issues raised from the previous litigation in this case, Mr. Miller respectfully requests that the Court end the Commonwealth's pattern of delay.  As a result, and in order to ensure that this Court can review Mr. Miller's habeas petition in a reasonably expeditious fashion, Mr. Miller respectfully requests that the Court deny the Commonwealth's Motion, and order that a response to Mr. Miller's habeas petition be filed by October 31, 2016, and that no further extensions will be granted.

---

of the cases to which the Commonwealth cited as justification for its requested extension was this case.  *See id.* at ¶8.  As the Commonwealth has obviously not filed a response to Mr. Miller's petition, it is unclear whether the Commonwealth will actually file its response briefs in any of the cases cited in its Motion.

Dated:  September 26, 2016

Respectfully submitted,

/s/ Noah S. Robbins
Thomas M. Gallagher, Esq.
James T. Giles, Esq.
Hannah Dowd McPhelin, Esq.
Noah S. Robbins, Esq.
**PEPPER HAMILTON LLP**
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000

Nilam A. Sanghvi
**THE PENNSYLVANIA INNOCENCE PROJECT**
Temple University Beasley School of Law
1515 Market Street
Suite 300
Philadelphia, PA 19102
215.204.3146

*Attorneys for Petitioner John Miller*

## CERTIFICATE OF SERVICE

      I, Noah S. Robbins, hereby certify that on a September 26, 2016, I caused a true and correct copy of the foregoing Opposition to the Commonwealth's Motion for Extension of Time to be served on all counsel of record via filing with the Court's ECF system.

                                                /s/ Noah S. Robbins
                                                Noah S. Robbins