IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MILLER, | : | |
|     Petitioner | : | |
| | : | Civil Action |
| v. | : | No. 12-0742 |
| | : | |
| THE DISTRICT ATTORNEY FOR THE | : | |
| COUNTY OF PHILADELPHIA, et al., | : | |
|     Respondents | : | |

**RESPONDENTS' STATEMENT OF NON-OBJECTION
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Respondents, through undersigned counsel, have reviewed the Report and Recommendation ("R&R") filed by Magistrate Judge Henry S. Perkin and agree that Petitioner, John Miller, is entitled to relief.[1]  For the reasons set forth below, Respondents do not object to the R&R's adoption by this Court.

---

[1] On March 12, 2018, over a year after Respondents' last substantive filing in this case, Petitioner's counsel submitted a request for review to the Conviction Integrity Unit of the Philadelphia District Attorney's Office.  As a result of the Conviction Integrity Unit's review and in consideration of the determinations set forth in the Magistrate Judge's R&R, Respondents have reconsidered their prior arguments in opposition to relief.  Accordingly, Respondents affirmatively waive any procedural defenses that would preclude a merits evaluation of Petitioner's claims, including but not limited to the statute of limitations, procedural default, or any requirement to exhaust claims in another forum.  *See, e.g.*, *Trest v. Cain*, 522 U.S. 87, 89 (1997) (procedural default is an affirmative defense and therefore subject to waiver); *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) (habeas statute of limitations is affirmative defense and subject to waiver); *Sharrieff v. Cathel*, 574 F.3d 225 (3d Cir. 2009) (requirement that claims be exhausted in state court subject to waiver).

This matter stems from the 1996 murder of Anthony Mullen, who was shot to death in a parking lot near 30th St. Station in Philadelphia. After a three-day trial, Petitioner was convicted of second-degree murder and related offenses. Petitioner's conviction was based on the accounts of two witnesses who recanted their statements at trial and in subsequent proceedings. The instant petition for a writ of habeas corpus is Petitioner's second. Its filing was authorized by the Court of Appeals for the Third Circuit, which determined that Petitioner had made a *prima facie* showing that his claims satisfied the strict gatekeeping requirements of 28 U.S.C. § 2244(d). *In re: John Miller*, C.A. No. 12-1162 (3d Cir. Feb. 2, 2012).

In recommending that relief be granted, Magistrate Judge Perkin necessarily determined that those requirements were satisfied. *See* § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section"); *Goldblum v. Klem*, 510 F.3d 204, 220 (3d Cir. 2007) ("[I]f a court of appeals finds that a petitioner has made a prima facie showing, the district court is obligated to conduct an independent gatekeeping inquiry under section 2244(b)(4)."). In order to obtain relief on a second or successive petition for a writ of habeas corpus, Petitioner must show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim . . . establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B). Respondents agree that Petitioner has met this burden.

Among other things, the prosecution in this case failed to disclose that its primary witness, David Williams, had also provided a false statement in another murder case. As the R&R correctly determined:

2

> the Commonwealth's case against Petitioner depended on the jury believing David Williams' original statement implicating Petitioner over his recantations at the preliminary hearing and at trial. Evidence that David Williams gave the police irrefutably false information about Jack Williams and Mark Manigault (which directly related to his accusation against Petitioner) on the same day he gave the original statement against Petitioner would have provided a forceful method of impeaching David Williams' statement.

R&R at 32. Respondents agree that, "[i]n light of this newly disclosed evidence and the relative paucity of other evidence connecting [petitioner] to the [Mullen] murder," the suppressed evidence "undermines confidence in Petitioner's verdict." R&R at 43 (quoting *Bridges v. Beard*, 941 F. Supp. 2d 584, 609 (E.D. Pa. 2013)) (alterations in original). The suppression of Williams' statement regarding the Jack Williams murder therefore violated *Brady*.

Petitioner had no reason to believe that the Commonwealth had suppressed another false statement from Williams. At trial, Williams noted in passing that police investigators "asked me questions about Jack Williams" before questioning him about Mullen's murder. N.T. 09/24/98 at 82. But given that no statement regarding the Jack Williams case was provided as part of Petitioner's pre-trial discovery and Williams never testified against Jack Williams, it was reasonable to assume that although he was asked about the other case, Williams did not provide a statement. Certainly, there was no indication that Williams had provided a *false* statement that could be potential impeachment material in Petitioner's case. "[D]efense counsel is entitled to presume that prosecutors have 'discharged their official duties,'" and Petitioner had no reason to believe that had not happened here. *Dennis v. Sec'y, Pennsylvania Dep't of Corr.*, 834 F.3d 263, 290 (3d Cir. 2016) (quoting *Banks v. Dretke*, 540 U.S. 668, 696 (2004)). While it was hypothetically possible for Petitioner to learn of Williams' statement earlier, the failure to uncover this suppressed evidence speaks to the prosecution's lack of diligence in complying with its Constitutional obligations, not a lack of diligence on Petitioner's part. *See also id.* (noting that

3

defendants need not "scavenge for hints of undisclosed *Brady* material when the prosecution represents that all such material has been disclosed" (quoting *Banks*, 540 U.S. at 695)).

Respondents further agree that the evidence, taken as a whole, cannot support a guilty verdict; Petitioner has met his burden of proving his innocence. The evidence mustered against Petitioner at trial was weak, and subsequent events have eroded what faith might have existed in the accuracy of the verdict in this case. Put another way, it is evident that "any reasonable juror would have reasonable doubt" as to Petitioner's guilt. *House v. Bell*, 547 U.S. 518, 538 (2006).[2]

In light of the foregoing, Respondents have no objection to the R&R issued by Magistrate Judge Perkin. As the United States Supreme Court observed in *Fay v. Noia*, "government must always be accountable to the judiciary for a man's imprisonment: if the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release." 72 U.S. 391, 402 (1963). Relief is warranted in this case.

---

[2] Because the Respondents agree that Petitioner has demonstrated his innocence, they are duty bound to assist the courts in making an appropriate disposition of Petitioner's claims. *See* Explanatory Comment 1, Pa. R. Prof. Conduct 3.8 ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice."); *see also* Model Rule of Professional Conduct 3.8(h) (requiring prosecutors faced with evidence of innocence to "seek to remedy the conviction"). As noted above, any legal or constitutional claims raised by Petitioner should be evaluated on their merits. It would be inconsistent with that position—and with the ethical obligations of prosecutors generally—to assert procedural defenses that would preclude a full review of claims raised by a petitioner Respondents believe to be innocent.

Respectfully submitted,

*s/Thomas Gaeta*
THOMAS GAETA
Assistant District Attorney

*s/Patricia Cummings*
PATRICIA CUMMINGS
Supervisor, Conviction Integrity
 and Special Investigations
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I caused to be electronically filed the foregoing Entry of Appearance with the Clerk of Court via CM/ECF. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing systems. Parties may access the filing through the Court's CM/ECF System.

*s/Thomas Gaeta*
THOMAS GAETA
Assistant District Attorney